**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICKEL SHEPHERD,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 15-00373-KD-N** |
| | ) | |
| **STAN WILSON, *et al.*,** | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on the Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and supporting memoranda (Docs. 7, 18, 26, 27) filed by Defendants Stan Wilson, Richard Stringer, Aaron Carpenter, and Clarke-Washington Electric Cooperative (hereinafter, "the Cooperative"). Plaintiff Mickel Shepherd has filed an omnibus response (Doc. 32) and affidavit (Doc. 35) in opposition to the motions, to which the Defendants have filed replies (Docs. 40, 41, 43). Defendant Richard Stringer has also filed a motion to strike Shepherd's response affidavit (Doc. 42), and Shepherd has filed a motion for leave to amend his complaint (Doc. 47).

Under S.D. Ala. GenLR 72(b), the motions to dismiss and related matters have been referred to the undersigned Magistrate Judge for entry of a report and recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the motion to strike (Doc. 42) and the motion for leave to amend (Doc. 47) be **DENIED**, that the motions to dismiss under Rule 12(b)(6) (Docs. 7, 18, 26) be **GRANTED** as to Shepherd's federal claims, that Shepherd be **DENIED** further

leave to amend his Complaint or to engage in discovery, and that Shepherd's state law claims be *sua sponte* **DISMISSED without prejudice**.

## I.      Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (citing *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)).   However, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' "  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

> To withstand Rule 12(b)(6) scrutiny and satisfy Rule 8(a), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," so as to "nudge[ ][its] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U .S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012). Thus, minimum pleading standards "require [ ] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. As the Eleventh Circuit has explained, *Twombly/Iqbal* principles require that a complaint's allegations be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention,* 623 F.3d 1371, 1380 (11th Cir. 2010) (citations omitted). "To survive a 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

*Cochran v. Southern Co.*, Civil Action No. 14-0569-WS-N, 2015 WL 3508018, at *1 (S.D. Ala. June 3, 2015).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotations omitted).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' — 'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted).  The Court looks to the pleading as a whole in determining whether the "plausibility standard" has been satisfied.  *See Speaker*, 623 F.3d at 1382 ("Reading Speaker's Amended Complaint as a whole, we conclude that it both alleges the requisite statutory elements and marshals 'enough facts to state a claim to relief that is plausible on its face.' *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974."); *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1252 n.11 (11th Cir. 2005) (per curiam) (stating that, in a Rule 12(b)(6) context, "[w]e read the complaint as a whole").

## II.   <u>Procedural Background and Well-Pleaded Factual Allegations</u>

On July 27, 2015, Shepherd, a member and former employee of the Cooperative, initiated this action by filing a Complaint with this Court alleging various causes of action against the Defendants under 42 U.S.C. § 1983, state law, and local law.  (Doc.

1).  Per the well-pleaded allegations in the Complaint, Shepherd's claims arise out of an incident occurring "on or about" September 13, 2011, at the Washington County High School football field in Chatom, Alabama, during the Cooperative's annual meeting. Shepherd was "reported to the Washington County Sheriff" (Defendant Richard Stringer)[1] and was "severely beaten" and arrested at the meeting, all "for simply desiring to speak and contest the minutes…"  Criminal prosecution arising from this incident was subsequently brought against Shepherd by the Town of Chatom, which appears to have concluded on September 2, 2014, when Shepherd's appeal of an adverse decision by the Chatom Municipal Court was "DISMISSED or NOLLE PROSSED" by the Circuit Court of Washington County on motion of the Town.  Shepherd alleges his arrest and prosecution were sought primarily by Defendant Stan Wilson, the Cooperative's "Executor Director," because Shepherd has consistently run for a position on the Cooperative's board but has been unsuccessful because of Wilson's "inappropriate conduct" and "unfair campaign and posting tactics."[2]

Counts 1, 2 and 3 the Complaint assert various causes of action under § 1983 for deprivation of federal constitutional rights.  Count 1 alleges "abuse of governmental

---

[1] This is the Complaint's only factual allegation suggesting the involvement of the Washington County Sheriff in the events underlying this action; Shepherd's Complaint never identifies Stringer as sheriff.  Nevertheless, Stringer has identified himself as such in his motion to dismiss (Doc. 18).

[2] On October 23, 2015, one day after Stringer filed his motion to strike Shepherd's response affidavit (Doc. 42), Shepherd filed a "Motion to Amend Complaint to be Inclusive of Affidavit" (Doc. 44) requesting leave to amend his Complaint "to the extent necessary to include all of his claims and complaints as set out in his affidavit…"  On October 26, 2015, the Court ordered stricken Shepherd's motion for leave to amend for failure to comply with S.D. Ala. CivLR 15.  (*See* Doc. 45).  Thus, Shepherd's assertions in his affidavit (Doc. 35) are not part of the "well-pleaded allegations" in his Complaint.  Shepherd filed the present motion for leave to amend his Complaint (Doc. 47) on December 18, 2015, which the undersigned recommends be denied as futile, *see infra*.

4

power by the wrongful arrest of the Plaintiff and the excessive use of force without just cause." (Doc. 1 at 6). Count 2 alleges violations of due process, claiming that the Defendants have interfered with and denied Shepherd his "right to run for and be elected to the [Cooperative's] Board without interference, thereby resulting in the 'taking' of a constitutional right … without due process of law[,]" as well as denying him "his constitutional rights f [sic] Free Speech and Free Association and caused him to be falsely arrested…" (*Id.* at 7). Count 3 alleges that the Defendants unlawfully retaliated against Shepherd in violation of "his First Amendment rights" for his "vocal criticism of the Defendant(s), along with impeding his Freedom of Association." (*Id.* at 8).

In addition to Shepherd's federal claims, Counts 1, 2, and 3 are sprinkled with references to deprivations of rights under Alabama and Washington County law, as well as allegations that the Cooperative has failed to follow its own standard practices and by-laws. (*See id.* at 6 – 8). Finally, Count 4 alleges a myriad of "state court torts": assault/excessive use of force in arrest; false arrest; defamation of character; harassment; slander; libel; wrongful personal restraint/false imprisonment; abuse of governmental power; mental anguish; intentional infliction of emotional distress; fraud; outrage; and "[p]erhaps, other municipal, state or federal law torts that []Shepherd is unaware of at this time that shall be added as necessary … as the Discovery process progresses." (*Id.* at 9 – 10). Shepherd seeks monetary damages in excess of one million dollars, as well as attorneys' fees and court costs.

### III.    Analysis

### A.    Federal Claims

#### 1.    *Aaron Carpenter*

Defendant Aaron Carpenter moves for dismissal of all federal claims against him under § 1983 because "Shepherd makes no factual allegations at all about Carpenter, and certainly none which show an affirmative causal connection between any action by Carpenter and the alleged constitutional deprivations suffered by Plaintiff." (Doc. 27 at 8).  Carpenter is correct.  Shepherd's Complaint merely lists Carpenter as a defendant in the style (*see* Doc. 1 at 1) and alleges that he and the other individual defendants "work for governmental-type entities and [the Cooperative]."  (*Id.* at 4, ¶ 4).  The Complaint is devoid of any factual allegations indicating how Carpenter was involved in any of the constitutional deprivations alleged.  Neither Shepherd's response brief (Doc. 32) nor his affidavit (Doc. 35) attempts to enlighten the Court as to Carpenter's involvement in the events underlying this action.

To the extent Carpenter is being sued in his official capacity, Shepherd has failed to identify what that capacity is, or even make clear what entity he is an officer/agent of.[3]  Moreover, the simple fact that Carpenter works for an entity involved in the actions underlying Shepherd's claims is insufficient to hold him liable under §

---

[3] "Suing individuals in their official capacities is 'another way of pleading an action against an entity of which an officer is an agent.' "  *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).  Assuming Carpenter is an agent of the Washington County Sheriff's Office, he is entitled to immunity in his official capacity under the Eleventh Amendment to the U.S. Constitution.  *See Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524-27 (11th Cir. 1990) (Alabama sheriffs and their deputies are state officials entitled to Eleventh Amendment immunity from suit under § 1983 in their official capacities).  Assuming Carpenter is an agent of the Cooperative, the claims against him in his official capacity are redundant of those against the Cooperative, which is not a "state actor" subject to liability under § 1983, *see infra*.

1983 in his individual capacity.  *See, e.g.*, *Lloyd v. Van Tassell*, 318 F. App'x 755, 760 (11th Cir. Jan. 27, 2009) (per curiam) (unpublished) ("In order to prevail on the merits in a § 1983 action against a defendant in his individual capacity, the plaintiff generally must show that he was personally involved in acts or omissions that resulted in the constitutional deprivation.  *Hale v. Tallapoosa County,* 50 F.3d 1579, 1582 (11th Cir. 1995). '[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.' *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999)).").

Because Shepherd has failed to present any factual allegations plausibly suggesting that Carpenter is liable for any of Shepherd's § 1983 claims, the undersigned **RECOMMENDS** that Carpenter's motion to dismiss under Rule 12(b)(6) (Doc. 26) be **GRANTED** as to all of Shepherd's § 1983 claims against Carpenter.

## 2.    *Statute of Limitations*

Defendants Carpenter and Richard Stringer have both moved for dismissal of Shepherd's § 1983 claims as time-barred under the applicable statute of limitations.[4]

" 'All constitutional claims brought under § 1983 are tort actions, subject to the statute

---

[4] A statute of limitations is generally considered an affirmative defense.  *See* Fed. R. Civ. P. 8(c)(1).  "[G]enerally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. A district court, however, may dismiss a complaint on a rule 12(b)(6) motion 'when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint.' " *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993) (quoting *Quiller v. Barclays American / Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984)).  *See also Kelly v. Broward Sheriff's Office Dep't of Det.'s*, 560 F. App'x 818, 820 (11th Cir. Jan. 23, 2014) (per curiam) (unpublished) ("A district court does not err when it dismisses a time-barred § 1983 claim for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920–21, 166 L. Ed. 2d 798 (2007) ('If the allegations ... show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim....').").

of limitations governing personal injury actions in the state where the § 1983 action has been brought.' *Crowe v. Donald,* 528 F.3d 1290, 1292 (11th Cir.2008) (quotation omitted). In Alabama, … that limitations period is two years. *See Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir. 1989) ('[T]he two-year limitations period ... applies to section 1983 actions in Alabama.')." *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (per curiam).[5] Stringer and Carpenter argue that the two-year statute of limitations for Shepherd's § 1983 claims against them began running on September 13, 2011, when Shepherd was beaten and arrested at the Cooperative's annual meeting. Shepherd did not file his Complaint until July 27, 2015, well over two years from that date.

Shepherd's omnibus response devotes but a lone sentence to addressing Stringer and Carpenter's statute of limitations argument, asserting: "The fact this matter involves continuing violations of federal law negates the Defendants' improper Statute of Limitations Defense." (Doc. 32 at 3). Shepherd cites no authority in support of this contention.

"It has long been the law of this Circuit that in § 1983 actions 'the statute of limitations does not begin to run until the facts which would support a cause of action

---

[5]

       Prior to *Owens*[ *v. Okure*, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)], a six-year limitations period applied to section 1983 actions in Alabama. *See, e.g., Larkin v. Pullman–Standard Division, Pullman, Inc.,* 854 F.2d 1549, 1567 (11th Cir. 1988) (applying six-year period provided in Ala. Code § 6–2–34(1) to action brought under section 1981). After *Owens,* the two-year limitations period of Ala. Code § 6–2–38(*l*) applies to section 1983 actions in Alabama. *Owens,* 109 S. Ct. at 580 n.9 (using Ala. Code § 6–2–38(1) as example of statute of limitations that should be applied). Thus, the decision in *Owens* overruled past precedent.

*Jones*, 876 F.2d at 1483.

are apparent or should be apparent to a person with a reasonably prudent regard for his rights.' " *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (internal quotations omitted)). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Here, Shepherd has not alleged when his municipal criminal prosecution began. However, Shepherd's appeal of his municipal court convictions to the Washington County Circuit Court commenced September 5, 2012 (*see* Washington County Circuit Court Case Nos. CC-2012-000144.00 & -000145.00);[6] logic dictates that his municipal court prosecution began sometime before then. Because September 5, 2012, is still more than two years from the date Shepherd filed his Complaint, his claims for false arrest are time-barred. As for Shepherd's various other § 1983 claims against Stringer and Carpenter (excessive force, unconstitutional "taking," deprivation of First Amendment rights, retaliation for exercising First Amendment rights), the undersigned agrees with these Defendants that, accepting as true the well-pleaded factual allegations in Shepherd's Complaint,

---

[6] The undersigned has accessed these public court records through alacourt.com (https://v2.alacourt.com/). "[A] district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. Dec. 7, 2010) (per curiam) (unpublished) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). *See also Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) ("We accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party … At the same time, however, we also take judicial notice of the state and federal court proceedings in which Cunningham was convicted or attacked his conviction."); *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1041 & n.18 (11th Cir. 2014) (taking judicial notice of records from DeKalb County's Superior Court Online Judicial System).

these causes of action accrued from his September 13, 2011 arrest and assault at the

Cooperative's annual meeting.[7]

Because Shepherd's § 1983 claims against Carpenter and Stringer are time-

barred,[8] the undersigned **RECOMMENDS** that Carpenter's and Stringer's motions to

---

[7] Shepherd's Complaint does not expressly assert a claim for malicious prosecution, and, because Shepherd is proceeding through counsel, the Court need not give his pleadings the liberal construction afforded to *pro se* plaintiffs.  To the extent a claim for malicious prosecution under § 1983 can be implied from his reference to his ultimately-dismissed criminal proceedings following his 2011 arrest, the Complaint does not plead the essential elements of such a claim, nor does it contain any allegations plausibly suggesting either Carpenter's or Stringer's involvement in those proceedings.  *Cf. Jones v. Union City*, 450 F. App'x 807, 809 (11th Cir. Nov. 18, 2011) (per curiam) (unpublished) (affirming dismissal of § 1983 malicious prosecution claim where the plaintiff "did not plead the essential elements of a malicious prosecution claim because he did not claim he was injured by the prosecution or that the action lacked probable cause"); *Smith v. Mercer*, 580 F. App'x 871, 873 (11th Cir. Oct. 7, 2014) (per curiam) (unpublished) ("Here, the factual recitation in Smith's complaint, coupled with paragraph 57, which ostensibly 'states the claim, are devoid of any factual basis for satisfying the elements ... Nowhere in Smith's complaint do we find even '[f]ormulaic recitations of the elements of [the] claim,' *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir.2011), which, themselves, would not suffice to survive Rule 12(b)(6) scrutiny. Smith has failed to state a Section 1983 malicious prosecution claim on which relief can be granted.").

[8] "Under the continuing violations doctrine, the statute of limitations is tolled for a claim that otherwise would be time-barred where the violation giving rise to the claim continues to occur within the limitations period.  In determining whether to characterize a violation as 'continuing,' it is important to distinguish between the present consequences of a one-time violation, which do not extend the limitations period, and a continuation of a violation into the present, which does.  *Nat'l Parks & Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, 502 F.3d 1316, 1322 (11th Cir. 2007) (citation and quotations omitted).  The Eleventh Circuit has "limited the application of the continuing violation doctrine to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred.  If an event or series of events should have alerted a reasonable person to act to assert his or her rights at the time of the violation, the victim cannot later rely on the continuing violation doctrine."  *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006) (per curiam) (quotation omitted).  Shepherd has offered only a passing, conclusory argument in support of applying the continuing violations doctrine, and the complaint's factual allegations do not plausibly suggest a "continuation of a violation into the present" by Stringer and Carpenter.

dismiss under Rule 12(b)(6) (Docs. 18, 26) be **GRANTED** as to all of Shepherd's § 1983 claims against them.[9]

### 3.    *State Actors*

The Cooperative and Wilson, who is being sued for actions taken in his capacity as a Cooperative board member, argue they cannot be held liable under § 1983 because they are not state actors.  Rather, they assert, the Cooperative is a private, member-owned entity organized and regulated under Alabama Code § 37-6-1, *et seq.*, which allows for the organization of "[c]ooperative, nonprofit membership corporations … for the purpose of supplying electric energy and promoting and extending the use thereof..." Ala. Code § 37-6-2.  Shepherd's Complaint acknowledges that the Cooperative is organized under this chapter of the Alabama Code.  (*See* Doc. 1 at 4 – 5, ¶ 4).[10]

"To obtain relief under § 1983, [Shepherd] must show that he was deprived of a federal right by a person acting under color of state law." *E.g.*, *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000) (citing *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  " '[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' " *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (citations omitted)) (alteration added).

---

[9] The Cooperative and Wilson have not moved for dismissal on statute-of-limitations grounds.  (*See* Docs. 7, 40).

[10] Shepherd also claims the Cooperative is organized under 7 U.S.C. § 904.  (*See* Doc. 1 at 4, ¶ 4).  Section 904 merely authorizes the U.S. Secretary of Agriculture to make loans for rural electrification to entities such as the Cooperative.  It does not provide in any way for the organization of artificial entities such as the Cooperative.

"Private conduct is not actionable under § 1983; rather, to state a claim for relief, the alleged deprivation of a constitutional right must occur 'under color of state law.' *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003).   State action is not established merely because a private entity receives government funding or is subject to extensive government regulation. *See, e.g., San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542–47, 107 S. Ct. 2971, 2984–87, 97 L. Ed. 2d 427 (1987); *Blum v. Yaretsky*, 457 U.S. 991, 1003–11, 102 S. Ct. 2777, 2785–89, 73 L. Ed. 2d 534 (1982)." *Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. Jan. 19, 2010) (per curiam) (unpublished). *See also Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 406 (11th Cir. 1985) (per curiam) ("In *Jackson v. Metropolitan Edison Co.,* the Supreme Court held that state regulation of a privately-owned utility company was not sufficient to make the utility a state actor for purposes of section 1983, even though the utility held a monopoly in providing electrical service to the area. 419 U.S. [345,] 358–59, 95 S. Ct. [449,] 457[ (1974)]. Kearson offers nothing to distinguish Southern Bell, a privately-owned telephone company, from the utility in *Jackson*.").

> "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992). Indeed, to hold that private parties … are State actors, this court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test"). *NBC, Inc. v. Communications Workers of America,* 860 F.2d 1022, 1026–27 (11th Cir.1988).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

12

Here, Alabama law is clear that the Cooperative is organized as a private, non-governmental entity, and Shepherd has offered neither factual allegations nor argument suggesting that the Cooperative can be considered a state actor under any of the three tests set forth in *Rayburn*.  While the Cooperative is subject to government regulation, *see generally* Ala. Code § 37-6-1, *et seq.*, and may receive government funds, *see supra*, n.10, neither of these make the Cooperative a state actor.[11]

---

[11]    "Private parties who corruptly conspire with state officials to maliciously prosecute an individual also act under color of state law and can be sued by that individual under section 1983.  The plaintiff attempting to prove such a conspiracy must show that the parties reached an understanding to deny the plaintiff his or her rights.  The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the conspiracy."  *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990) (citations and quotations omitted).  As noted previously, *see* n.7, Shepherd has not pled the essential elements of a claim for malicious prosecution.  Moreover, he has alleged no facts plausibly suggesting that the Cooperative "reached an understanding" with Sheriff Stringer to deny Shepherd his rights.

At most, the Complaint's well-pleaded factual allegations indicate that the Cooperative requested that Sheriff Stringer remove Shepherd from its annual meeting, which does not transform the Cooperative into a state actor under § 1983.  *See Kelly v. Broward Sheriff's Office Dep't of Det.'s*, 560 F. App'x 818, 821 (11th Cir. Jan. 23, 2014) (per curiam) (unpublished) (" 'Only in rare circumstances can a private party be viewed as a "state actor" for section 1983 purposes.' "  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  Merely making a report of perceived misconduct and furnishing information to the police is not such a 'rare circumstance.' " (citing *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985.")); *Dye v. Radcliff*, 174 F. App'x 480, 482-83 & n.1 (11th Cir. 2006) (per curiam) (unpublished) ("[W]e join other circuits in saying that a private party does not act under color of state law merely by calling upon official state authority when he does not also join in the exercise thereof. [(citing cases)]  Our *de novo* review of the record reveals no error in the district court's finding that there is no evidence that Radcliff was involved with the investigation regarding the navigable waters issue and that there is no evidence of any agreement or plan between Radcliff and the Commission officers to arrest and prosecute Dye unlawfully.  Dye's brief on appeal points to ample evidence of Radcliff's animosity toward Dye, his insistent complaints to the Commission, his own knowledge about trespass law, his expressed desire to have Dye prosecuted for trespass, and his alleged financial motives for doing so.  Dye also points to evidence of his actual innocence.  Although this may bear on Dye's state law claims, none of it demonstrates the conspiracy necessary for a successful § 1983 claim."); *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1450 (10th Cir. 1995) ("[W]e note that a number of courts have held that the mere presence of

Accordingly, the undersigned finds that Shepherd has failed to allege sufficient facts plausibly suggesting that the Cooperative is a state actor subject to liability under § 1983.  As such, Wilson, who is being sued for actions taken in his capacity as "Executor Director" of the Cooperative's board, also cannot be considered a state actor liable under § 1983.  Accordingly, the undersigned **RECOMMENDS** that the Cooperative's and Wilson's motion to dismiss under Rule 12(b)(6) (Doc. 7) be **GRANTED** as to all of Shepherd's § 1983 claims against them.

In sum, and for the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' motions to dismiss under Rule 12(b)(6) (Docs. 7, 18, 26) be **GRANTED** as to all federal claims asserted in Shepherd's Complaint (Doc. 1).[12]

### B.    Requests for Leave to Amend or to Engage in Discovery

In the final sentence of his response brief, Shepherd requests that he be given leave to amend his Complaint should the Court determine that it is due to be dismissed on the Defendants' motions.  (*See* Doc. 32 at 4 – 5).   "It has long been established in this Circuit that a district court does not abuse its discretion by denying a general and cursory request for leave to amend contained in an opposition brief."    *Davidson v. Maraj*, 609 F. App'x 994, 1002 (11th Cir. Apr. 15, 2015) (per curiam) (unpublished) (citing *Rosenberg v. Gould,* 554 F.3d 962, 967 (11th Cir. 2009); *Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (en banc); *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1222 (11th Cir. 1999) (per curiam) ('Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the

---

police officers does not transform the conduct of private parties into state action." (citing cases)).

[12] Thus, the undersigned finds it unnecessary to address the additional grounds for dismissal of these claims raised in the motions to dismiss.

issue has not been raised properly.').").  *See also Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1208 (11th Cir. 2012) (per curiam) ("The Fund's request for leave to amend appeared in its response to the Defendants' motion to dismiss.  The Fund failed, however, to attach a copy of this proposed amendment or set forth its substance.  Therefore, the district court did not err by denying the Fund's request.").  Shepherd's perfunctory request for leave to amend embedded in his response brief is "insufficient as a matter of law" and should be **DENIED**.  *Davidson*, 609 F. App'x at 1002.

After filing his response brief (Doc. 32) and affidavit (Doc. 35), Shepherd unsuccessfully moved for leave to amend his complaint "to include all of his claims and complaints as set out in his affidavit…" (*See* Doc. 44).  The affidavit provides additional factual matter regarding Shepherd's history with the Cooperative predating his 2011 arrest – specifically, that he worked for the Cooperative beginning in the early 1970s, was involved in an on-the-job accident in 1988, and was subsequently "forced to retire under a disability clause" by his "new manager," Defendant Wilson, after previous management told him he would always have a job with the Cooperative.   (Doc. 35 at 1, ¶¶ 1 – 2).  The affidavit also makes clear that Stringer was the individual who arrested and beat him at the 2011 annual meeting, allegedly striking in in the back and necessitating two back surgeries.  (*Id.* at 2, ¶ 5).  Finally, the affidavit sets forth a number of concerns and complaints with how the Cooperative conducts its business (e.g., the Cooperative "manager does not acknowledge my candidacy and does not include my bid for election in the area magazine where they post their appointed candidate;" the Cooperative's "manager is not closely watched by the Board;" "business

is conducted in a conspiratorial manner;" the Cooperative's Board "is not being elected in accordance with state or federal law"). (*Id.* at 2, ¶¶ 4, 7 – 9).

Recently, Shepherd filed a motion for leave to amend his complaint (Doc. 47), with a proposed amended complaint (Doc. 47-1) attached. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given when justice so requires.[13] (Doc. 47). However, leave to amend may be denied where amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The proposed amended complaint (Doc. 47-1), which is in the same organizational format as the initial complaint (Doc. 1), makes no substantive changes in the preamble paragraphs and the "prayer for relief," and no changes at all in the sections labeled "jurisdiction," "parties," "narrative statement of facts," and "Count I – 42 U.S.C. Section 1983 Violation(s)." *Compare* (Doc. 47-1 at 1 – 7) *with* (Doc. 1 at 1 – 7). The section labeled "Count II – Due Process Violation(s)" (in addition to now specifying that Count II is brought under "the combined tenets of the 5th and 14th Amendment's procedural due process provisions") adds the following allegations:

> The Plaintiff claims a number of Procedural and Substantive due process violations were committed by the Defendant(s) who have harassed him without provocation on his part; who have not allowed him to run as a viable candidate for a position on the board of the Co-op; who have counted the ballots of the Board candidates in secrecy without any transparency of the voting process; who have forbid employees from associating with the Plaintiff; who have not allowed the Plaintiff to advertise his candidacy for Board like other candidates; who have in an inappropriate manner backed certain Board candidates and by failing to back other candidates like the Plaintiff , in effect "black-balled" them to

---

[13] The motion for leave to amend was filed December 18, 2015. By that time, Shepherd could no longer amend once as a matter of course, since more than 21 days had elapsed from the filing of each of the Defendants' Rule 12(b) motions. *See* Fed. R. Civ. P. 15(a)(1)(B). As such, Shepherd may now amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The motion does not represent that the Defendants have consented to the proposed amended complaint.

the membership; who have falsely reported him or conspired wrongfully to have him arrested and harassed up to 2015 without probable cause at an annual meetings [sic] merely for questioning the minutes, Board procedure, lack of procedure, or seeking to speak; who have conducted Co-op business without any checks and balances or proper accounting or reporting to the membership of the Co-op; and other forms of constitutional denial of the Plaintiff's due process rights…

(Doc. 47-1 at 7 – 8, ¶ 13).

"Count III" has been relabeled from simply "Constitutional Violation(s)" to "1st Amendment Constitutional Violation(s)."  The only change to the allegations in Count III (¶¶ 15 – 17) is the addition of a case citation, *Kay v N.H. Democratic Party*, 821 F.2d 31 (1st Cir. 1987) (per curiam).[14]  "Count IV" of the initial complaint, alleging "State Court Torts," has become "Count VII" in the proposed amended complaint, with no substantive changes added except to now suggest that the Defendants may have acted either "singularly or in conspiracy" in the events underlying the state law causes of action.  Counts IV, V, and IV of the proposed amended complaint assert claims for "4th," "8th," and "5th/14th Amendment Constitutional Violation(s)," respectively.[15]  All of these claims are based on the Defendants allegedly "arresting [Shepherd] without any provocation on the date at issue and continuing to hound him up to this most recent Co-

---

[14] It should be noted that in *Kay*, the First Circuit affirmed the district court's dismissal of the plaintiff's civil rights complaint for alleged constitutional violations occurring when he was denied permission to speak at the defendant's presidential candidates' forum and was arrested after he refused to leave the speakers' platform, holding (1) the defendant was not a government entity subject to liability for the plaintiff's First Amendment claims, (2) the plaintiff had failed to allege sufficient facts showing a conspiracy between the defendant and police subjecting the defendant to liability for unlawful arrest, false imprisonment, or malicious prosecution, and (3) the district court did not abuse its discretion in denying leave to amend the complaint as futile.

[15] "The Fifth Amendment is out because it protects a citizen's rights against infringement by the federal government, not by state government."  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015).

op Board election in the fall of 2015 in violation of the" Constitution.  (*See* Doc. 47-1 at 9 – 13).[16]

Neither the proposed amended complaint (Doc. 47-1) nor the additional factual assertions in Shepherd's affidavit (Doc. 35) save Shepherd's federal claims from dismissal under Rule 12(b)(6) for the reasons previously stated.  The Cooperative and Wilson would still not be considered state actors subject to liability under § 1983; the Complaint would still fail to set forth any reasonably specific facts plausibly indicting how Carpenter was involved in any of the events underlying Shepherd's federal claims, or how Stringer was involved in Shepherd's criminal prosecution following his arrest; Shepherd's federal claims against Stringer and Carpenter would still be time-barred under Alabama's two-year statute of limitations;[17] and the undersigned would still recommend dismissal of Shepherd's state law claims without prejudice, *see infra.*

---

[16] Shepherd has also string-cited a number of cases in Counts IV, V, VI of the proposed amended complaint.  Most of the cases cited are not binding precedent, and Shepherd has provided no substantive discussion (or even made pinpoint citations to relevant portions of the cases) of how they apply to this action, beyond the proposition that various causes of action under § 1983 exist.  The undersigned declines to do Shepherd's counsel's work for her and will not endeavor to scrutinize each of these cases to determine how/if they are relevant to this action.

[17] In an apparent effort to neutralize Carpenter and Stringer's statute of limitations defense by claiming a "continuing violation," *see* n.8, *supra*, Shepherd's proposed amended complaint alleges, in Count II, that he has been "harassed up to 2015 without probable cause at an annual meetings [sic]," and, in Counts IV, V, and VI, that the Defendants are "continuing to hound him up to this most recent Co-op Board election in the fall of 2015…" These mere "labels and conclusions," unsupported by any specific factual allegations, do not plausibly suggest continuing violations of law beyond the arrest at issue, let alone that this alleged "harassment" and "hounding" involves constitutional violations necessary to support claims under § 1983.

Accordingly, the undersigned **RECOMMENDS** that Shepherd's motion for leave to amend his complaint (Doc. 47) be **DENIED** as futile. [18]

Shepherd also asks, as an alternative to amendment, that he be permitted additional time to "supply this Court with Affidavits, Depositions or Other Documents of Support." (Doc. 32 at 4 – 5). This essentially amounts to a request that he be allowed to engage in discovery prior to dismissal of any claims. However, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (citation and footnote omitted). As such, the undersigned **RECOMMENDS** that Shepherd's request to engage in discovery prior to dismissal of any claims under Rule 12(b)(6) be **DENIED**.

### C.    State Law, County Law, and Cooperative Rules Claims

This Court has original jurisdiction over Shepherd's federal claims under 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") and 1343 ("The district courts shall have original jurisdiction of any civil action authorized by law to be

---

[18] Stringer has moved to strike Shepherd's affidavit under Federal Rule of Civil Procedure 12(f). (Doc. 42). Rule 12(f) allows a court to strike matters "from a pleading," which the affidavit is not. *See* Fed. R. Civ. P. 7(a) (listing filings that are considered pleadings). Regardless, the undersigned finds that dismissal is appropriate even considering the representations in the affidavit. Accordingly, the undersigned **RECOMMENDS** that Stringer's motion to strike (Doc. 42) be **DENIED**.

commenced by any person…[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; [or t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.") and is exercising supplemental jurisdiction under 28 U.S.C. § 1367(a) over his Alabama law, Washington County law, and Cooperative rules and by-laws claims.[19]

The undersigned has recommended that the Court dismiss all of Shepherd's federal claims, *see supra*, and a district court "may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction…"   28 U.S.C. § 1367(c)(3).   "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) (per curiam) (citing *Mergens v. Dreyfoos,* 166 F.3d 1114, 1119 (11th Cir. 1999)).   However, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when … the federal claims have been dismissed prior to trial." *Id.* (citing *L.A. Draper & Son v. Wheelabrator–Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). Accordingly, in conjunction with the recommendation that Shepherd's federal claims be dismissed, the undersigned further **RECOMMENDS** that the Court decline to continue

---

[19] Shepherd's Complaint cites other jurisdictional statutes irrelevant to the claims at issue. (*See* Doc. 1 at 3, ¶ 1 (citing 29 U.S.C. § 216(b) (Fair Labor Standards Act); 29 U.S.C. § 2617(a)(2) (Family and Medical Leave Act); 42 U.S.C. § 2000e-5(f) (Title VII of Civil Right Act))).   Diversity jurisdiction under 28 U.S.C. § 1332(a) is not alleged, and the undersigned doubts there is complete diversity of citizenship among the parties, as Shepherd and at least some (if not all) of the Defendants appear to be citizens of Alabama.

exercising supplemental jurisdiction over Shepherd's state law, county law, and Cooperative rules and by-laws claims and **DISMISS** those claims **without prejudice**.

### IV.    Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** as follows:

1.  Defendant Stringer's motion to strike (Doc. 42) be **DENIED**;

2.  the Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docs. 7, 18, 26) be **GRANTED** as to Shepherd's federal claims in his Complaint (Doc. 1);

3.  Shepherd's requests for leave to amend and to engage in discovery embedded in his response brief (Doc. 32 at 4 – 5) and his separate motion for leave to amend (Doc. 47) be **DENIED**;

4.  the Court decline to continue exercising supplemental jurisdiction over Shepherd's state law, county law, and Cooperative rules and by-laws claims in his Complaint (Doc. 1) and **DISMISS** those claims **without prejudice**; and

5.  final judgment under Federal Rule of Civil Procedure 58 be entered accordingly.

### V.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b).   The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.   In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 21st day of December 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**